IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSHUA, B.**[1], <br><br> Plaintiff, <br><br> v. <br><br> **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 3:22-cv-941-SI <br><br> **OPINION AND ORDER** |

Caitlin Laumaker and George J. Wall, 825 NE 20th Avenue, Suite 330, Portland, OR 97232. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Timothy Razel, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Joshua B. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration (Commissioner) denying Plaintiff's application for disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

insurance benefits (DIB) and supplemental security income (SSI). For the following reasons, the Court affirms the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB and SSI on October 9, 2018, alleging a disability onset date of June 30, 2016. AR 46. Plaintiff's date of birth is April 27, 1997, and he was 19 years old as of

the alleged disability onset date. *Id.* The agency denied Plaintiff's claims both initially and upon reconsideration, and Plaintiff requested a hearing. AR 59, 74, 92, 106, 107, 115, 125. Plaintiff appeared before an Administrative Law Judge (ALJ) for a hearing on May 11, 2021. AR 28. The ALJ issued a decision denying Plaintiff's claim for benefits. AR 13-22. Plaintiff appealed the decision to the Appeals Council, which denied review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

**B.  The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous

        period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

      The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

PAGE 4 – OPINION AND ORDER

(describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

As a preliminary step to Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status through June 30, 2016. AR 15. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 30, 2016. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: depression, personality disorder, and substance abuse in current remission. AR 16. At step three, the ALJ determined that none of the impairments, either individually or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ next determined Plaintiff's RFC. The ALJ found that Plaintiff could a full range of work at all exertional levels but with the following non-exertional limitations:

> [Plaintiff] can understand and remember simple instructions. He can perform simple tasks. He can have occasional interaction with the public and coworkers. He can respond to change only in a routine work environment.

AR 17.

At step four, the ALJ determined that Plaintiff has no past relevant work. AR 21. At step five, relying on testimony of a vocational expert, and considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy. These jobs included Industrial Cleaner (1,000,000 jobs in the national economy), Kitchen Helper (400,000 jobs in the national economy), and Laundry Worker

II (200,000 jobs in the national economy). *Id.* Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through May 26, 2021, the date of the ALJ's decision. AR 22.

## DISCUSSION

Plaintiff argues that the ALJ erred by improperly discounting Plaintiff's subjective symptom testimony about his mental impairments.

### A. Standards

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering

how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

**B. Analysis**

The ALJ does not dispute that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, and the ALJ made no finding of malingering. AR 19. Accordingly, the Court moves to the second step of the credibility analysis, at which the ALJ was required to make specific, clear, and convincing findings to support his rejection of Plaintiff's testimony. *Lingenfelter*, 504 F.3d at 1036. The ALJ determined that Plaintiff's lifestyle is more active than he alleges, and his activities of daily living are inconsistent with his own testimony. AR 19. The ALJ also found that Plaintiff experienced significant improvement with mental health treatment. *Id.* Lastly, the ALJ found that the treatment notes contain only intermittent complaints of mental symptoms, and that there are few objective findings indicating significant functional limitations. *Id.* Each reason is addressed in turn.

**1. Daily Living Activities**

Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495

F.3d 625, 639 (9th Cir. 2007). "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *See Molina*, 674 F.3d at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled."). The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity be inconsistent with the plaintiff's claimed limitations to be relevant to his or her credibility and noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). Moreover, particularly with certain conditions, cycles of improvement may be a common occurrence, and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding that a plaintiff is capable of working. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

In discussing the functional limitations of Plaintiff's mental impairments, the ALJ cited evidence of Plaintiff's ability to take care of his two cats and friend who is recovering from surgery, conduct internet research, drive, grocery shop, and play video games. AR 19 (citing 229-236.) The ALJ also discussed how Plaintiff reported enrolling in courses at Portland

Community College in January 2018, and stated that he plans to go to college and become a CPA. AR 420, 1008. Lastly, the ALJ cited to Plaintiff's testimony that he had recently traveled independently to Utah and Florida by plane. AR 19. Plaintiff even reported feeling good after visiting a friend in Utah. AR 1125.

These activities of daily living cited by the ALJ are inconsistent with Plaintiff's testimony that he is unable to go to the store or be around lots of people, and that he gets homesick when gone for long periods of time. AR 18, 37-39. The ALJ also acknowledged that Plaintiff was planning to go to a music festival, and that he often goes out with friends and to the coast with family. AR 19 (citing 38, 1025, 1041, 1068, 1077). Plaintiff also testified that he has memory and concentration problems, such that he cannot focus long enough to watch a movie (although he can watch a television show), and that he must think for a moment when people ask him what he did the day before. AR 18, 40, 41. In the decision, the ALJ cited Plaintiff's reports that he had can count change, handle a savings account, use a checkbook, maintain personal care, go out to eat with other people, and handle changes in routine okay. AR 16-17 (citing 40, 231, 233, 235.)

Further, Plaintiff's ability to partake in these activities and tasks demonstrate that Plaintiff's memory and concentration difficulties did not prevent him from understanding, remembering, and carrying out simple tasks. *See*, *e.g.*, *Crystal F. v. Kijakazi*, No. 2:20-CV-00135-FVS, 2021 WL 3713456, at *5 (E.D. Wash. Aug. 20, 2021) ("Plaintiff's documented activities including playing [with,] walking[,] and carrying for her dog, reading, playing video games 4-5 hours a day, researching on the computer, and caring for the household, was . . . consistent with the assessed RFC limitation to simple, routine, tasks."). Plaintiff's ability to travel, attend festivals and college classes reasonably indicates that despite his difficulties being

around lots of unfamiliar people, he could still at least tolerate occasional public contact and coworker interaction. *See*, *e.g.*, *Gee v. Comm'r of Soc. Sec.*, 2017 WL3749810, at *7 (E.D. Wash. Aug. 30, 2017) (noting ability to attend college classes was consistent with ability to work in an environment with limited public and coworker interaction); *Rowe v. Colvin*, CV 14-64-BU-JCL, 2015 WL 12591711, at *5 (D. Mont. Sept. 29, 2015) (noting that being able to take college classes and use public transportation undermined allegations of being anxious or afraid of coworkers).

The ALJ properly considered Plaintiff's daily activities in discounting Plaintiff's subjective symptom testimony. This was a clear and convincing reason, supported by substantial evidence.

### 2. Improvement With Treatment

A claimant's improvement with treatment is "an important indicator of the intensity and persistence of . . . symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). "Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Garrison*, 759 F.3d at 1017. A court must also consider "that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in the workplace." *Id.* "The fact that a person suffering from depression makes some improvement does not mean that the person's impairment no longer seriously

affects his ability to function in a workplace." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (cleaned up).

As the Ninth Circuit explained in *Garrison*,

> It is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

*Garrison*, 759 F.3d at 1017.

The ALJ considered and cited to multiple treatment notes showing that Plaintiff's mental health symptoms improved with treatment. AR 19-20. Plaintiff's frequency of treatment was reduced to every three weeks in October 2019 because of how well he was doing in therapy. AR 1083. In December 2019, his frequency of treatment was reduced further and he was going to therapy once a month. In April 2021, Plaintiff acknowledged that he was managing his emotions much better. AR 1472. Treatment notes also demonstrate that Plaintiff has improved in his ability to socialize. Plaintiff was "slowly expanding his activities but still only with trusted friends." AR 1065. When Plaintiff did spend time with friends, he was able to manage irritability well, for which he was complimented. AR 1077. More and more friends reached out to Plaintiff. AR 1099.

Plaintiff asserts that the ALJ erred in considering Plaintiff's improvement with treatment because he continues to have periods of depression and anxiety that cause functional limitations. The ALJ, however, acknowledged this and found the remaining limitations from Plaintiff's severe mental impairments limit him to work involving simple tasks with restricted social interaction. AR 17.

### 3. Objective medical evidence

An ALJ may consider the lack of corroborating objective medical evidence as a "relevant factor in determining the severity of the claimant's" alleged symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ may not, however, "discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Robbins*, 466 F.3d at 883; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (noting that the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements").

The ALJ provided other valid reasons for discounting Plaintiff's subjective testimony. Thus, the ALJ's consideration that the objective medical evidence did not support Plaintiff's subjective testimony was a further relevant factor that supports the ALJ's conclusion.

In discounting Plaintiff's symptom testimony, the ALJ relied heavily on a lack of objective medical evidence supporting the severity of Plaintiff's allegations. AR 18-20. While noting Plaintiff's history of not being able to work due to panic attacks and that he had to quit a previous job and be placed in a mental facility, the ALJ found that medical findings from multiple doctors all concluding that Plaintiff does not have a severe mental impairment are inconsistent with Plaintiff's allegations of disabling symptoms. AR 18, 20, 35. The ALJ, however, was not entirely persuaded by two prior administrative medical findings, because the ALJ found that the medical evidence throughout the record showed that Plaintiff has severe mental impairments. AR 20. The ALJ then accounted for these limitations in the RFC. AR 17, 20.

Regarding Plaintiff's allegations of memory and concentration problems, the ALJ cited multiple mental status examinations indicating normal speech, and grossly intact recent and remote memory. AR 19 (citing 1001, 1009). Treatment notes and group therapy notes indicate that Plaintiff generally exhibited no significant deficits in concentration, memory, or attention, and that he was able to cooperate and relate to treating sources and others without significant difficulty. AR 454, 459, 466, 476, 502, 529, 553, 566, 591, 1001, 1009, 1195-96, 1207, 1292, 1300-01. The ALJ's reliance on the objective medical was a proper additional relevant factor on which the ALJ could evaluate and discount the purported limitations to which Plaintiff testified.

### 4. Conclusion

The ALJ properly discounted Plaintiff's subjective symptom testimony regarding the limiting effects of symptoms based on specific, clear, and convincing reasons. Therefore, the ALJ did not err in evaluating Plaintiff's subjective symptom testimony.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 8th day of September, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge